IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. EP-14-CR-213-DB |
| § | |
| SPONDYLOS CONSULTING, LLC, § | |
| § | |
| Defendant. § | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT
SPONDYLOS CONSULTING, LLC'S SENTENCING MEMORANDUM**

The United States of America, by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorneys, respectfully files its opposition to the sentencing memorandum by Spondylos Consulting, LLC ("Spondylos"). Sentencing is scheduled for Friday, August 21, 2015 at 9:30 a.m.

Notwithstanding the fact that Spondylos agreed, in its plea agreement, to pay "full restitution," and further agreed that the forfeiture of its assets "shall not be treated as satisfaction of any . . . restitution," (ECF No. 281 at 3, 10), Spondylos now requests that its restitution obligations be satisfied through the approximately $2.2 million of seized funds that Spondylos and certain co-defendants have agreed to forfeit to the United States. This request must fail. Putting aside the fact that it contradicts the terms of the plea agreement, forfeiture and restitution are separate and mandatory penalties and only the Attorney General and/or her designees possess the authority to apply forfeited property to restitution.[1]

---

[1] Spondylos also requests that no more than $918,000 be attributed to Spondylos for purposes of calculating restitution. The Government does not oppose this request. *See* 18 U.S.C. §§ 3663A(d) and 3664(h) ("If the court finds that more than 1 defendant has contributed to the

**Background**

On or about January 9, 2015, defendant Spondylos pled guilty, pursuant to a plea agreement with the Government (ECF No. 281), to Count One of the Second Superseding Indictment, charging the defendant with a violation of 18 U.S.C. § 371, conspiracy to engage in conduct in violation of 42 U.S.C. 1320a-7b, Illegal Remunerations regarding a Federal Health Care Program.

The plea agreement contained the following agreement between the parties regarding restitution:

> The defendant, Spondylos, and the Government agree and stipulate that *restitution shall be paid by the defendant*. The defendant understands and acknowledges that the amount of restitution to be paid shall include all amounts discovered through investigation into the criminal activity as described and set out in the Second Superseding Indictment presently pending against the defendant. *The defendant agrees to pay the amount of restitution, as determined by the United States Probation Officer, to the victim(s) of defendant's criminal activity in a manner as directed by the United States Probation Officer.*
>
> Notwithstanding the fact that the defendant, Spondylos, is entering a plea of guilty to Count One of the Second Superseding Indictment, *the defendant agrees to pay full restitution, if any*, to the victims of the criminal activity, including those amounts identified outside the Second Superseding Indictment as determined by the United States Probation Office or the Court.

(ECF No. 281 at 3) (emphasis added).

The plea agreement also contained terms addressing the Government's forfeiture allegations. In particular, Spondylos admitted the forfeiture allegation in the Indictment with respect to Count One, and the defendant and its registered agent and managing member agreed to forfeit to the United States, individually and on behalf of the company, any and all right, title and interest, *inter alia*, approximately $217,524.85 seized from a Spondylos bank account and

---

loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.").

approximately $2,071,704.75 seized from three bank accounts held jointly by defendants Richard Rooney ("Rooney") and Angie Song ("Song"). The defendant agreed and stipulated that the properties are subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 982(a)(7) & 981(a)(1) and 28 U.S.C. § 2461(c).

Notably, Spondylos acknowledged, in the plea agreement, that:

> It is further understood that any *forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution*, cost of imprisonment, or any other penalty the Court may impose upon Defendant in addition to forfeiture.

(ECF No. 281 at 10) (emphasis added).

## Discussion

In its August 2013 sentencing memorandum, Spondylos requests that $918,000 "be the only financial liability attributed to it in its judgment," and that "said funds . . . be satisfied through the $2,290,229.60 Spondylos and its registered agent have agreed to forfeit." This request should fail.

As an initial matter, Spondylos' request is inconsistent with the terms of the plea agreement, wherein Spondylos agreed to pay "full restitution," consented to the forfeiture, and acknowledged that "any forfeiture of the defendant's assets shall not be treated as satisfaction of any . . . restitution." (ECF No. 281 at 3, 8-10). Once a court has accepted a plea agreement, it may not modify or reject its terms. *See, e.g.*, *United States v. Serrano-Lara*, 698 F.3d 841, 844-45 (5th Cir. 2012) (district court did not have authority to strike a defendant's appeal waiver from a plea agreement). As the Fifth Circuit concluded in *Serrano-Lara*, "a court choosing to accept a plea agreement does not then have the option to perform a judicial line-item veto, striking a valid appeal waiver or modifying any other terms." *Id.*; *see also id.* at 844 ("Having approved the plea agreement, the district court had no more right to change its terms than it

would have to change the terms of any other contract.") (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)).

Moreover, the terms of Spondylos' plea agreement treating forfeiture and restitution as separate penalties comport with the mandates of the federal forfeiture and restitution laws. Forfeiture and restitution are distinct penalties and both are mandatory pursuant to statute. *See* 28 U.S.C. § 2461(c) ("the court *shall* order the forfeiture of the property as part of the sentence in the criminal case") (emphasis added); 18 U.S.C. § 3663A(a)(1) (when the defendant is convicted of causing an identifiable victim to suffer pecuniary loss, the district court "*shall* order, *in addition to* . . . any other penalty authorized by law, that the defendant make restitution to the victim of the offense") (emphasis added). *See also United States v. Webber*, 536 F.3d 584, 602-03 (7th Cir. 2008) (forfeiture and restitution are to serve different purposes; "[r]estitution is remedial in nature, and its goal is to restore the victim's loss," whereas "[f]orfeiture . . . is punitive; it seeks to disgorge any profits that the offender realized from his illegal activity").

For this reason, the Fifth Circuit has upheld a district court's entry of both an order of forfeiture and an order of restitution. In *United States v. Taylor*, 582 F.3d 558, 566 (5th Cir. 2009), the defendant argued that the district court should not have imposed forfeiture in addition to restitution, and in any event should have reduced any forfeiture by the amount of restitution. The Fifth Circuit disagreed. The Court held that the district court's order of both restitution and forfeiture was permissible and that the district court "properly adhered to the *mandatory* language found within the statutory schemes" when ordering both forfeiture and restitution. *Id.* at 566 (emphasis added). The Fifth Circuit further held that a defendant is not entitled to offset restitution by the amount of forfeiture. *Id.* at 568.

Finally, forfeited property belongs to the United States government and, under the federal

forfeiture laws, only the Attorney General and/or her designee(s) possess discretionary authority to use forfeited property to compensate victims of the federal criminal offense giving rise to the forfeiture.  *See* 21 U.S.C. § 853(i)(1).[2]

Notably, in its brief, Spondylos does not cite any legal authority to support its request for its restitution obligation to be satisfied with forfeited funds.

---

[2]     In October 2002, the Attorney General issued a policy directive on the restoration of forfeited property to victims of crime.  This Restoration Policy delegated to the Chief of the Asset Forfeiture and Money Laundering Section ("AFMLS") of the Department of Justice ("DOJ"), the authority to restore property to victims.  The Restoration Policy, which is now set forth in DOJ's *Asset Forfeiture Policy Manual*, Chapter 12, provides, in part, that, if certain criteria are present, then the U.S. Attorney's Office may request that the Chief of AFMLS exercise his authority to apply forfeited property to a restitution order.  These criteria include, among other things, that all known victims have been notified of the restitution proceedings and are accounted for in the restitution order, and that reasonable efforts to locate additional assets establish that the victims do not have recourse reasonably available to obtain compensation for their losses from other assets.  The *Asset Forfeiture Policy Manual* is available at http://www.justice.gov/sites/default/files/criminal-afmls/legacy/2014/05/23/policy-manual-2013rev.pdf.

Because the authority to use forfeited property rests solely with the Attorney General and/or her designees, the Policy Manual expressly prohibits prosecutors from entering into any agreement that "bind[s] the Department of Justice and the agencies to a particular decision on a . . . request for restoration." *Asset Forfeiture Policy Manual*, Section III.

For the reasons set forth above, Spondylos' request for its restitution obligations to be satisfied with forfeited funds should be denied.

Dated: August 19, 2015
      El Paso, Texas

                                          Respectfully submitted,

                                          RICHARD L. DURBIN, JR.

                                          United States Attorney for the
                                          Western District of Texas

                          By:        /s/
                                          Anna E. Arreola
                                          (New York Registration No. 4151775)
                                          Debra P. Kanof
                                          (Texas Bar No. 11093600)
                                          Assistant U.S. Attorneys
                                          700 E. San Antonio Ave., Ste. 200
                                          El Paso, Texas 79901
                                          (915) 534-6884
                                          (915) 534-3461 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 19, 2015, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                                     /s/
                                              Anna E. Arreola
                                              Assistant U.S. Attorney